UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JAMES DANIEL FOX,**<br>    Petitioner,<br>v.<br>**KIM HOLLAND, WARDEN,**<br>    Respondent. | Case No. 15-cv-02134 YGR<br><br>**ORDER RE: MOTION TO DISMISS; DIRECTING PARTIES TO SUBMIT SUPPLEMENTAL BRIEFING**<br><br>Re: Dkt. No. 10 |

**I.   INTRODUCTION**

Petitioner James Daniel Fox filed a petition for writ of habeas corpus pursuant to 28 U.S.C. section 2254, alleging he is unlawfully imprisoned as the consequence of a time-barred prosecution in violation of the *Ex Post Facto* Clause in the Unites States Constitution. (Dkt. No. 1, "Pet.") Before the Court is Respondent's motion to dismiss the petition as untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. section 2244(d). Petitioner opposes, asserting defenses of delayed commencement and equitable tolling.

Having considered the papers submitted by the parties and the pleadings in this action, and for the reasons set forth below, the Court rejects Petitioner's delayed commencement argument and requires additional briefing with respect to his equitable tolling argument.[1]

**II.   BACKGROUND**

On April 22, 2010, Petitioner pled no contest in the Santa Clara Superior Court to three counts of engaging in lewd or lascivious acts with a minor when she was 12, 13, and 14 years old. (Pet., Exh. A; *id.*, Exh. E, "Superior Court Order," at 2.) The negotiated plea permitted dismissal of four additional counts. (*Id*. at 1.) The offenses to which Petitioner pled no contest occurred between March 2000 and June 2003. (*Id.*, Exh. E at 2.) They included violations of California

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument.

1   Penal Code sections 288(a) and 288(c)(1).  (*Id.*, Exh. B.)  On August 3, 2010, Petitioner was
2   sentenced to six years imprisonment.  (*Id*. at 2.)  Petitioner did not appeal his judgment, which
3   became final sixty days after his August 3, 2010 sentencing, or on October 2, 2010.
4          On August 30, 2012 – a year and ten months after Petitioner's conviction became final –
5   Petitioner filed his first state petition for a writ of habeas corpus (the "State Habeas") in Santa
6   Clara County Superior Court.  (*See* Superior Court Order.)  In support of his State Habeas,
7   Petitioner alleged that his trial lawyer provided ineffective assistance of counsel ("IAC") for
8   failing to raise a relevant statute of limitations defense with the court or in consultation with
9   Petitioner.[2]  (*Id.* at 1.)  The criminal complaint in Petitioner's case was filed in December 2009,
10  nearly a decade after the earliest alleged offense took place.  (*Id.*)  After the alleged offenses, but
11  before Petitioner was charged, California legislation extended the applicable statute of limitations
12  from three years to ten years.  (*Id.* at 2.)  The State Habeas contended that the original three-year
13  statute of limitations, rather than the later enacted ten-year statutory limit, applied at the time he
14  committed the offenses, rendering his prosecution time-barred – an argument his trial attorney
15  failed to raise.  (*Id.*)  The Superior Court Order denied the State Habeas, reasoning that
16  Petitioner's prosecution was not time-barred because the applicable statute of limitations "had
17  been extended before the limitations period had expired on the earliest [of Petitioner's crimes]."
18  (*Id.* at 2.)  In the absence of an underlying violation, the court found that Petitioner's IAC claim
19  could not survive.  (*Id.*)
20         On November 27, 2013, Petitioner filed a petition for a writ of habeas corpus in the
21  California Court of Appeal, which was denied without written opinion on June 23, 2014.  (Pet.,
22  Exh. D.)  On November 26, 2014, Petitioner filed a petition for a writ of habeas corpus in the
23  California Supreme Court.  The California Supreme Court denied the petition en banc without a
24  written opinion on March 25, 2015.  (Pet., Exh. C.)
25         On May 12, 2015, Petitioner filed the present petition for writ of habeas corpus under 28

---

[2] Petitioner additionally claimed IAC on the grounds that his attorney falsely threatened him with a life term in prison, a claim that the Superior Court also denied.  (*See* Superior Court Order.)  That alternate IAC claim is irrelevant to the matter pending before this Court.

U.S.C. section 2254 (the "Federal Habeas"). Respondent now moves to dismiss on grounds that Petitioner failed to file the Federal Habeas within the AEDPA's one-year time limit.

**III.   DISCUSSION**

AEDPA imposes a one-year statute of limitations on habeas petitions filed by state prisoners. 28 U.S.C. § 2244(d)(1). Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). In general, the one-year period runs from the first trigger, or "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. 28 U.S.C. § 2244(d)(2).

Here, the limitations period started running on October 2, 2010, *i.e.*, the date on which Petitioner's sentence became final. *See* 28 U.S.C. § 2244(d)(1)(A); Cal. R. Ct. 8.308(a). Thus, Petitioner had one year from the time the limitations period started running – or until October 2, 2011 – to file a federal habeas petition under AEDPA. However, the Federal Habeas was not filed until May 12, 2015, almost four years after the AEDPA limitations period had expired. The Federal Habeas is thus untimely unless Petitioner can show he is entitled to relief from AEDPA's one-year statute of limitations based on either (i) delayed commencement under Section 2244(d)(1)(C), or (ii) equitable tolling under Section 2244(d)(2). The Court addresses these two

bases for relief raised by Petitioner in turn.

### A.    Delayed Commencement of the Limitations Period

A petitioner may attempt to justify the untimely filing of his habeas petition by demonstrating his eligibility for delayed commencement of the limitations period under subheadings (B), (C) or (D) of Section 2244(d)(1). Here, Petitioner claims that the one-year limitations period should run not from October 2, 2010, but from "the date on which the constitutional right asserted was initially recognized by the Supreme Court," *i.e.* that he is entitled to a delayed commencement of the limitations period under Section 2244(d)(1)(C). Specifically, Petitioner asserts that a right newly recognized by the Supreme Court of the United States in *Peugh v. United States*, 133 S.Ct. 2072 (2013), is retroactively applicable to him.[3]

To be entitled to delayed commencement under Section 2244(d)(1)(C), Petitioner must assert a constitutional right that is (1) newly recognized by the Supreme Court, and (2) made retroactive to cases on collateral review. With respect to the first requirement, to determine whether *Peugh* confers a newly recognized constitutional right, the Court must first place *Peugh* in the context of jurisprudence relevant to Petitioner's claim. Petitioner's Federal Habeas alleges that the "actions by the legislature to try and extend the statute of limitations of time barred claims as inferred and as applied by Penal Code Sec. 801.1 [to his case] violates the *Ex Post Facto* Clause." (Pet. at 12:7-10) (italics supplied.) According to Petitioner, legislation extending the applicable statute of limitations from three years to ten years was enacted after the limitations period on the earliest of his crimes had run. Thus, the Court must first ascertain the place of *Peugh* in the Supreme Court's jurisprudence on *ex post facto* laws and statutes of limitations.

---

[3] Petitioner also suggests that the timing and substance of the holding in *People v. Simmons*, 210 Cal.App.4th 778 (2012) bears on this question. However, as a state court case, *Simmons* is immaterial to delayed commencement under Section 2244(d)(1)(C). The statutory language of Section 2244(d)(1)(C) specifies that "the Supreme Court" must recognize the right asserted by the habeas petitioner. *See Dodd v. United States*, 545 U.S. 353, 357-60 (2005) ("What Congress has said . . . is clear: An applicant has one year from the date on which the right he asserts was initially recognized by *this* Court") (emphasis supplied). Given that the United States Supreme Court did not decide *Simmons*, and therefore could not have conferred a new right thereby, *Simmons* is unavailing under Section 2244(d)(1)(C).

The federal Constitution prohibits the federal government and the States from enacting *ex post facto* laws – laws that have certain unjust retroactive effects. U.S. Const., Art. I, § 9, cl. 3 (federal government); Art. I, § 10, cl. 1 (states). Collectively, these clauses are referred to as the "*Ex Post Facto* Clause." *See, e.g.*, *Stogner v. California*, 539 U.S. 607, 611 (2003) (discussing the history of "the *Ex Post Facto* Clause"). The *Ex Post Facto* Clause prohibits the government from passing any law that (1) makes an act done before the passing of the law, which was innocent when done, criminal; (2) aggravates a crime or makes it greater than it was when it was committed;[4] (3) changes the punishment and inflicts a greater punishment for the crime than the punishment authorized by law when the crime was committed; or (4) alters the legal rules of evidence and requires less or different testimony to convict the defendant than was required at the time the crime was committed. *Id.* at 611-12 (citing *Calder v. Bull*, 3 U.S 386, 389 (1798)); *Carmell v. Texas*, 529 U.S. 513, 522 (2000).

The *Ex Post Facto* Clause applies to criminal statutes of limitations. *Stogner*, 539 U.S. at 610 (holding that a California law extending the statute of limitations for sex-related child abuse where the prior limitations period had expired was unconstitutionally *ex post facto*). In some circumstances, legislation that extends limitations periods for prosecutions of crimes may violate the second category of laws prohibited by the *Ex Post Facto* Clause. *Id.* This second category includes any law that "'inflict[s] punishments, where the party was not, by law, liable to any punishment.'" *Id.* at 611-12 (quoting *Calder*, 3 U.S. at 389). *Stogner* is the seminal Supreme Court case on this second category as it relates to the revival of expired statutes of limitations. *Stogner*, 539 U.S. at 608 ("This Court has not previously spoken decisively on this matter.").

In *Stogner*, the Supreme Court addressed the second category of *ex post facto* laws and held that "a law enacted after expiration of a previously applicable limitations period violates the *Ex Post Facto* Clause when it is applied to revive a previously time-barred prosecution." *Id.* at 632-33. *Stogner* confines its ruling to extensions of expired statutes of limitations. *Id.* at 618

---

[4] An alternative description of this category is any law that "inflict[s] punishments, where the party was not, by law, liable to any punishment." *Stogner*, 539 U.S. at 611-12 (2003) (quoting *Calder v. Bull*, 3 Dall. 386, 389 (1798)).

("Even where courts have upheld extensions of *unexpired* statutes of limitations (extensions our holding today does not affect), they have consistently distinguished situations where limitations periods have *expired*.") (emphasis in original) (internal citation omitted); *see Renderos v. Ryan*, 469 F.3d 788, 795 (9th Cir. 2006) (a statute "enacted while the limitations periods were still running" is "precisely the type of statute that *Stogner* expressly stated it was *not* striking down") (emphasis in original).[5] Here, Petitioner's Federal Habeas claims he was charged with a crime that had an otherwise expired statute of limitations, which *Stogner* explicitly addressed in 2003.

The Court now turns to Petitioner's proffered case. In *Peugh*, the Supreme Court addressed the third category of *ex post facto* prohibitions, or any law that "changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed." *Peugh*, 133 S.Ct. at 2081. *Peugh* found there is an *ex post facto* violation when a "defendant is sentenced under Guidelines promulgated after he committed his criminal acts and the new version provides a higher applicable Guidelines sentencing range than the version in place at the time of the offense." 133 S.Ct. at 2078. A central issue in *Peugh* was whether the Federal Sentencing Guidelines, which are advisory and non-binding, qualify as "laws" subject to the *Ex Post Facto* Clause. *Id.* at 2081, 2085. That is, do these discretionary guideposts "create[] a sufficient risk of a higher sentence to constitute an *ex post facto* violation." *Id.* at 2084. The Supreme Court in *Peugh* ruled that because such a change in the Sentencing Guidelines "presents a sufficient risk of increasing the measure of punishment attached to the covered crimes," this, too, is encompassed by the constitutional prohibition against *ex post facto* laws. *Id.* at 2082 (internal quotations omitted).

Petitioner has not explained how *Peugh*, a case addressing Sentencing Guidelines, confers

---

[5] Thus, extensions of unexpired statutes of limitations remain constitutionally permissible under *Stogner* and its progeny in the Ninth Circuit. *Id.*; *Renderos*, 469 F.3d at 795 ("There is no manifest injustice here because there was no 'retroactive effect,' as the original limitations period had not yet expired."); *see also United States v. Bischel*, 61 F.3d 1429, 1435-36 (9th Cir. 1995) (holding that a statute may apply to offenses committed prior to the statute's enactment where the conduct was already criminal without violating the *Ex Post Facto* clause). The Superior Court Order found that Petitioner's State Habeas IAC claim failed because the *ex post facto* law extending the statute of limitations on the crimes for which he was charged fell under this constitutionally permissible category. (*See* Superior Court Order at 2.)

a new right in the context of his own case, which concerns statutes of limitations. *See Saif'ullah v. Chappell*, 2014 WL 5514141, at *5 (N.D.Cal. Oct. 31, 2014) ("*Peugh* does not apply to the present case because it is a sentencing case rather than a parole case."). The requisite analysis and body of case law differ between the categories of *ex post facto* violations. Whereas *Peugh* addresses the third category of *Ex Post Facto* Clause prohibitions, which relate to length of punishment, Petitioner's claim concerns the second category, or whether he could be convicted in the first place. *Peugh* is simply inapposite.

Moreover, the right that Petitioner seeks to enforce is not "newly recognized," as Section 2244(d)(1)(C) requires. Rather, it was announced by the Supreme Court in 2003 in *Stogner*. 539 U.S. at 632-33. *Stogner* prohibits the revival of prosecutions that were already time-barred, which is the issue at the heart of Petitioner's Federal Habeas claim. *Id*. The Court notes that *Stogner* pre-dates not only Petitioner's AEDPA expiration date, but also his conviction. As discussed above, *Peugh* does not abrogate this holding, nor does it add to it to include unexpired statutes of limitations, if Petitioner were to so argue. Especially in light of *Stogner*, the right announced in *Peugh* cannot serve as a salve for Petitioner's untimely filing.

The Court therefore finds that Petitioner fails to satisfy the first predicate of a 2244(d)(1)(C) claim. Having found that Petitioner fails on the first predicate, it need not continue further in the analysis. Accordingly, the Court rejects Petitioner's argument for delayed commencement under 28 U.S.C. section 2244(d)(1)(C).

**B.     Equitable Tolling**

AEDPA's statute of limitations, 28 U.S.C. section 2244(d), is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. at 649 (internal quotations omitted) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *accord Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate.").

7

A federal habeas petitioner "bears the burden of showing that this extraordinary exclusion should apply to him." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (quoting *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002)). "Indeed, the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda*, 292 F.3d at 1066 (alteration in original) (internal quotation omitted) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)); *accord Yeh v. Martel*, 751 F.3d 1075, 1077 (9th Cir. 2014) ("This is a very high bar, and is reserved for rare cases."). Where a prisoner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to file a timely federal habeas petition, the equitable tolling claim will be denied. *Gaston v. Palmer*, 417 F.3d 1030, 1034-35 (9th Cir. 2005), amended, 447 F.3d 1165 (9th Cir. 2006). However, "[r]ather than let procedural uncertainties unreasonably snuff out a constitutional claim, the issue of when grave difficulty merges literally into 'impossibility' should be resolved in [a petitioner's] favor." *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002).

A federal habeas petitioner does not carry a burden of persuasion at the motion to dismiss stage to warrant additional investigation into his equitable tolling claim. Rather, further factual development on the merits of the equitable tolling claim may be required. *Laws v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003) (reversing grant of motion to dismiss because district court failed to "develop the record" in response to petitioner's claim of mental incompetency); *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (remanding with instructions for district court to develop facts concerning whether AEDPA materials were unavailable in the prison law library and determine the legal significance of such a finding). Ninth Circuit precedent requires only that there be "circumstances consistent with petitioner's petition . . . under which he would be entitled to . . . equitable tolling" to trigger further factual development. *Lamarque*, 351 F.3d at 924 (citing *Whalem/Hunt,* 233 F.3d at 1148). A district court errs when it grants judgment against a habeas petitioner in advance of developing a full record. *Id.*

Here, Petitioner vaguely asserts that prison conditions, such as limited access to the law library and lockdowns, impacted his ability to file timely and entitle him to equitable tolling. Respondent contends that Petitioner's claim is unavailing because it lacks any specific allegations

8

with respect to prison conditions. Moreover, even if Petitioner did make specific allegations, Respondent believes the fact that Petitioner was represented by counsel during the State Habeas and Federal Habeas precludes equitable tolling premised on prison conditions.

Prison conditions, limited access to law libraries, and lockdowns may, in certain circumstances, justify untimely filing. *See, e.g.*, *Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013) (holding that petitioner "sufficiently alleged that he was precluded from filing his habeas petition" because of lockdowns and inability to use prison law library, and remanding for further development of the record). The inquiry is highly fact-specific. *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (lack of access to library materials does not automatically qualify as grounds for equitable tolling and inquiry must be "fact-specific"); *Whalem/Hunt*, 233 F.3d at 1148 (grounds for equitable tolling are "highly fact-dependent"). Typically, "the best course" is for the district court to develop the record before ruling. *Whalem/Hunt*, 233 F.3d at 1148l; *Lamarque*, 351 F.3d at 924.

Respondent correctly notes that the record is plainly inadequate in its current state. However, Petitioner need not provide a full record the first time he asserts equitable tolling in opposition to a motion to dismiss. *Id.* Thus, while Petitioner ultimately bears the burden of demonstrating that he pursued his rights diligently and extraordinary circumstances barred him from timely filing, it would be premature for the Court to grant the motion to dismiss prior to the development of a factual record. *See Holland*, 560 U.S. at 649; *Lamarque*, 351 F.3d at 924.

Furthermore, that Petitioner benefits from the assistance of counsel today does not necessarily preclude his claim of equitable tolling. Respondent's reliance on dicta in *Waldrip v. Hall* is unavailing. 548 F.3d 729 (9th Cir. 2008). In *Waldrip*, the Ninth Circuit remarked that because the petitioner was represented by counsel, "it is not clear that [his] personal access to a law library should be significant." However, the Ninth Circuit ultimately decided the matter on other grounds, namely that petitioner had access to the library by the time the Superior Court had ruled on his *pro se* petition. *Id.* at 737. That petitioner's representation by counsel did not bear on the need to develop a factual record with respect to the impact of prison conditions on timely filing. *Waldrip* is thus not conclusive on this question.

9

1   Respondent's second proffer, the non-binding Fifth Circuit opinion in *Cousin v. Lensing*,
2   similarly fails to persuade. 310 F.3d 843 (5th Cir. 2002). There, the Fifth Circuit declined to
3   extend the leniency it provides *pro se* habeas petitioners to those represented by counsel with
4   respect to the "mailbox rule," which deems a *pro se* petition "filed" when handed to prison
5   authorities, rather than upon payment of the filing fee. *Id.* at 847. Respondent again overstates a
6   narrow holding. *Cousin* neither announces a broad rule that petitioners with counsel are not
7   entitled to equitable tolling, nor does it suggest the Court should not develop a factual record
8   before granting judgment.

9   The Court recognizes that petitioners represented by counsel enjoy advantages that *pro se*
10  inmates do not. Those with outside counsel tend to face fewer prison-related obstacles to filing
11  timely, which may weaken an equitable tolling claim on those grounds. However, Respondent
12  proffers no case law indicating that the mere fact of assistance of counsel, without more, precludes
13  a habeas petitioner's prison conditions based equitable tolling claim prior to the development of a
14  factual record. Indeed, the authoritative case law on equitable tolling affords relief to petitioners
15  who retained deficient counsel at various points in their habeas process. *See, e.g.*, *Holland*, 560
16  U.S. at 634-35 (petitioner's attorney's unprofessional conduct justified equitable tolling); *Spitsyn*,
17  345 F.3d at 801 ("The fact that the attorney retained by petitioner may have been responsible for
18  the failure to file on a timely basis does not mean that petitioner can never justify relief by
19  equitable tolling.") Furthermore, there is no evidence that Petitioner has always had counsel.
20  Hence, the Court needs a more complete record prior to judgment on the motion to dismiss.

21  Given the lack of a record, and the fact that the arguments both for and against equitable
22  tolling are too bare-boned to persuade at this juncture, the Court affords the parties an opportunity
23  for additional briefing on this issue.

24  **IV. CONCLUSION**

25  For the foregoing reasons, the Court **ORDERS** Petitioner to file a supplemental opposition
26  to Respondent's motion to dismiss containing evidence and facts germane to his equitable tolling
27  claim. The Court notes that any affidavit(s) or declaration(s) from Petitioner regarding these facts
28  must be filed under penalty of perjury. Petitioner shall file, and serve a copy on Respondent, a

supplemental opposition and any supporting documentation within thirty (30) days from the date of this order. The Court further **ORDERS** Respondent to file a reply brief including any supporting evidence within thirty (30) days of the date of filing of Petitioner's supplemental opposition.

**IT IS SO ORDERED.**

Dated: May 11, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**