UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JAMES DANIEL FOX,**<br>　　　　　Petitioner,<br>　　v.<br>**KIM HOLLAND, WARDEN,**<br>　　　　　Respondent. | Case No. 15-cv-02134 YGR<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION AS UNTIMELY; DENYING CERTIFICATE OF APPEALABILITY**<br><br>Re: Dkt. No. 10 |

**I.　INTRODUCTION**

Petitioner James Daniel Fox filed a petition for writ of habeas corpus pursuant to 28 U.S.C section 2254, alleging he was unlawfully imprisoned[1] as the consequence of a time-barred prosecution in violation of the *Ex Post Facto* Clause in the United States Constitution. (Dkt. No. 1, "Pet.") Currently pending is Respondent's motion to dismiss the petition as untimely in violation of the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. section 2244(d). (Dkt. No. 10.) The Court previously rejected Petitioner's delayed commencement argument and ordered additional briefing with respect to Petitioner's equitable tolling argument. (Dkt. No. 17.)

Now before the Court is the parties' supplemental briefing focused on whether Petitioner is entitled to equitable tolling of the statute of limitations. Having read and considered the papers submitted and being fully informed, the Court **GRANTS** Respondent's motion to dismiss the petition as untimely and **DISMISSES** the petition **WITH PREJUDICE**.

---

[1] It appears that Petitioner was released in September 2015. (*See* Dkt. No. 18-1 at ¶ 4.) While no party has addressed the issue, the Court notes that Petitioner's release does not render the instant habeas petition moot. Courts may presume a criminal conviction has continuing collateral consequences. *Spencer v. Kemna*, 523 U.S. 1, 8–12 (1998). In the Ninth Circuit, that presumption is mandatory and irrebutable. *Wood v. Hall*, 130 F.3d 373, 376 (9th Cir. 1997).

## II. BACKGROUND

As discussed in the Court's May 11, 2016 order (Dkt. No. 17, "Prior Order"), the following procedural background is undisputed:

- On April 22, 2010, in the Santa Clara Superior Court, Petitioner pled no contest to three counts of engaging in lewd or lascivious acts with a minor. (Pet., Exh. A; *id.*, Exh. E at 2.) On August 3, 2010, Petitioner was sentenced to six years imprisonment. (*Id.*, Exh. B at 2.)
- Petitioner did not appeal the judgment and his sentence became final on October 2, 2010. This is the date upon which the one-year statute began to run, ending October 1, 2011.
- Eleven months after the limitations period ended, on August 30, 2012, Petitioner filed his first state petition for a writ of habeas corpus ("State Habeas") in Santa Clara County Superior Court, which was denied on November 27, 2012. (*See* Pet., Exh. E.)
- On November 27, 2013, Petitioner filed his second State Habeas in the California Court of Appeal, which was denied on June 23, 2014. (Pet., Exh. D.)
- On November 26, 2014, Petitioner filed his third State Habeas in the California Supreme Court, which was denied on March 25, 2015. (Pet., Exh. C.)
- 48 days later, on May 12, 2015, Petitioner filed the instant habeas petition ("Federal Habeas").

On December 22, 2016, in lieu of an answer, Respondent moved to dismiss the petition as untimely. (Dkt. No. 10.) After full briefing by the parties, the Court issued an order concluding that Petitioner's Federal Habeas was untimely unless he could show equitable tolling. (*See* Prior Order.) In his opposition to the motion to dismiss, Petitioner had vaguely asserted he was entitled to equitable tolling on grounds that prison conditions, such as limited access to the law library and lockdowns, impacted his ability to file timely. The Court concluded in the Prior Order that the record before it was plainly inadequate to entitle Petitioner to equitable tolling. Consequently, the Court afforded the Petitioner an opportunity to develop the record and submit additional evidence and briefing on the issue of equitable tolling.

Petitioner reiterates in his supplemental opposition (Dkt. No. 18) his claim of equitable tolling for the period between when his sentence became final and when the first State Habeas was filed (October 2, 2010 through August 30, 2012, the "applicable period").[2] Petitioner submits his own declaration as evidence in support of his supplemental opposition to the motion. (Dkt. No. 18-1, "Fox Decl.") Therein, Petitioner states he immediately began pursuing his rights when he discovered his incarceration at the California Correctional Institution ("CCI") was potentially violating his constitutional rights. (Fox Decl., ¶ 6.) He then specifies the prison conditions at CCI which he claims made it impossible for him to file a federal petition timely during the applicable period, including: his *pro se* status, limited law library access, lockdowns, communication issues, and safety concerns. (*See id*. ¶¶ 9–23.) Petitioner estimates these issues delayed him for at least one year. (*Id.* ¶ 24.) Respondent submitted a supplemental reply in support of dismissal. (Dkt. No. 19.)

As discussed above, the Court previously found that the Federal Habeas is untimely unless Petitioner can show that he is entitled to tolling of the AEDPA one-year limitations period. The Court now addresses Petitioner's equitable tolling argument in light of his supplemental brief and declaration.

### III.  DISCUSSION

#### A.  Overview

AEDPA imposes a limitations period on petitions for a writ of habeas corpus filed by state prisoners. In prisoner actions challenging non-capital state convictions or sentences, a habeas petition must be filed within one year of, *inter alia,* "the date on which the judgment became final

---

[2] Petitioner further argues that he is entitled to statutory tolling for the periods when his three State Habeas petitions were pending before the California Superior Court, California Court of Appeal, and the California Supreme Court. *See* 28 U.S.C. § 2244(d)(2) (time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit). Even crediting Petitioner's argument, Petitioner would still have to show he is entitled to equitable tolling for at least eleven months between October 2, 2010 and August 3, 2012, for the State Habeas petitions to further toll the period, plus the additional 48 days between the California Supreme Court's denial and the filing of the Federal Habeas petition. As discussed, *infra*, Petitioner fails to show that circumstances outside his control made it impossible for him to file a federal petition timely during the applicable period much less the additional 48 days.

by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In the present case, the limitations period started running on October 2, 2010, *i.e.* the date on which Petitioner's sentence became final. *See* 28 U.S.C. § 2244(d)(1)(A); Cal. R. Ct. 8.308(a). Thus, Petitioner had until October 1, 2011 to file a federal habeas petition under AEDPA. However, his Federal Habeas was not filed until May 12, 2015, nearly four years after the AEDPA limitations period had expired. The instant Federal Habeas is thus untimely unless Petitioner can show he is entitled to relief from AEDPA's one-year statute of limitations based on the equitable tolling doctrine.

### B.     Standard for Equitable Tolling

The Supreme Court has determined that AEDPA's statute of limitations is not jurisdictional and is therefore subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010).[3] "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). However, equitable tolling is unavailable in most cases because extensions should be granted only if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997) (internal quotations omitted), *overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998) (*en banc*). The party seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," preventing timely filing. *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). With respect to the first element, the

---

[3] Petitioner's supplemental brief additionally cites *Holland* for the proposition that policy would support hearing his case on the merits because the AEDPA statute of limitations is not jurisdictional. However, *Holland* and its progeny make clear that equitable tolling is the mechanism by which the Court may hear a habeas petition on the merits notwithstanding a violation of the statute of limitations. *See Holland*, 560 U.S. at 645 (holding that the AEDPA statute of limitations "is subject to equitable tolling in appropriate cases" based in part on the consideration that "the AEDPA statute of limitations defense … is not jurisdictional") (internal quotations omitted). Thus, the Court cannot excuse the limitations period violation absent a showing of equitable tolling as explained by the Supreme Court in *Holland*.

diligence required to establish entitlement to equitable tolling is "reasonable diligence." *Holland*, 560 U.S. at 653. With respect to the second element, a prisoner must show a causal connection between the grounds upon which he asserts a right to equitable tolling and his inability to file a federal habeas application timely. *See Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (petitioner must show that extraordinary circumstances were the cause of his untimeliness).

Whether equitable tolling is appropriate turns on an examination of detailed facts. *Lott v. Mueller*, 304 F.3d 918, 923 (9th Cir. 2002). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). At the same time, "[r]ather than let procedural uncertainties unreasonably snuff out a constitutional claim, the issue of when grave difficulty merges literally into 'impossibility' should be resolved in [a petitioner's] favor." *Lott*, 304 F.3d at 925.

### C. Analysis

As a threshold issue, the parties dispute whether the prison conditions Petitioner complains of are relevant to the equitable tolling claim because Petitioner had counsel, free from impediments, working on his case during the applicable period. Petitioner asserts that he was not "formally represented by an attorney" during the applicable period. (Fox. Decl. ¶ 8.) Petitioner claims that his current counsel, Bradley Kass, represented him during the applicable period only in connection with a civil action brought against him by his victim. (*Id*.) Respondent opposes Petitioner's claim that he was unrepresented, contending that the civil nature of Mr. Kass's representation is of no import to the analysis. *See Bills v. Clark*, 628 F.3d 1092, 1101 (9th Cir. 2010) (noting that a "petitioner must diligently seek assistance and exploit whatever assistance is reasonably available" to him to show reasonable diligence for equitable tolling claim). In that regard, Respondent contends that Petitioner's claim for equitable tolling must be assessed against a backdrop of his access to counsel. Because the Court concludes that Petitioner's equitable tolling claim fails regardless of his access to counsel during the applicable period, the Court resolves this factual issue in Petitioner's favor. The Court will construe Petitioner as *pro se* during the applicable period of October 2, 2010 through August 30, 2012.

To be entitled to equitable tolling, Petitioner must show diligence during the applicable period, *i.e.* the period during which he contends extraordinary circumstances prevented timely filing. *See Luna v. Kernan*, 784 F.3d 640, 652 (9th Cir. 2015).[4]  Petitioner raises five prison conditions that he argues constitute extraordinary circumstances that prevented him from filing during the applicable period, namely: (1) the complex legal issues involved, (2) limited law library access, (3) prison lockdowns, (4) restrictions on telephone and mail access, and (5) his sex offender status. Respondent argues that none of these constitute extraordinary circumstances. As an overarching issue, while Petitioner has submitted a declaration to support his claim, he fails to show a sufficient causal connection between these conditions and his assertion that he was unable to file a timely federal habeas application. Generic assertions are not sufficient.

### 1. Complex Legal Issues

Petitioner first asserts that the legal issues involved in his petition – including statutes of limitation and legislative intent – were "complicated" and required a substantial amount of time to research and study to draft his petition. (Fox Decl. ¶ 10.) As Respondent contends, lack of legal knowledge does not constitute an extraordinary circumstance. In *Rasberry v. Garcia*, the petitioner claimed that his failure to calculate the limitations period correctly was an extraordinary circumstance warranting equitable tolling. 448 F.3d 1150, 1154 (9th Cir. 2006). The Ninth Circuit disagreed and, joining its sister circuits, held that "a *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Id.*; *see, e.g., Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) ("ignorance of the law alone is not sufficient to warrant equitable tolling") (internal quotations omitted); *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) ("even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling"); *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse

---

[4] Were Petitioner successful in showing extraordinary circumstances prevented him from filing the Federal Habeas timely during the applicable period despite his reasonable diligence, Petitioner would also have to show that he was diligent after the applicable period and through the time of filing in May 2015. *See Luna, supra,* 784 F.3d 640, 652 (citing *Spitsyn v. Moore*, 345 F.3d 796, 801–02 (9th Cir. 2003)).

1   prompt filing") (internal quotations omitted).  A vague assertion that Petitioner faced complicated
2   legal issues in preparing his writ is not an extraordinary circumstance.
3         Moreover, Petitioner does not explain how these complicated legal issues were the cause of
4   his delay in filing the writ during the applicable period.  Nor does Petitioner make any attempt to
5   satisfy his burden to show that he exercised reasonable diligence despite his lack of legal
6   knowledge.  Consequently, Petitioner's statement that his writ involved complex legal issues does
7   not entitle him to equitable tolling.

### 2. Limited Library Access

Next, Petitioner asserts that prison library conditions interfered with his filing a writ in a timely manner.  Specifically, Petitioner asserts that library hours at the prison were inconsistent, the computers did not have internet access, research was limited to "some treatises such as the CEB," and inmates were not allowed to photocopy pages for research.  (Fox Decl. ¶¶ 11, 13, 14.)

The Ninth Circuit has held that "[o]rdinary prison limitations on [a petitioner's] access to the law library and copier" do not constitute extraordinary circumstances or make it impossible to file a federal petition on time.  *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (quotations omitted); *see, e.g., Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010) (*per curiam*) (prisoner's *pro se* status, law library missing a "handful" of reporter volumes, and reliance on inmate helpers who were transferred or too busy to attend to his petitions are not extraordinary circumstances "given the vicissitudes of prison life").  Where insufficient law library access is alleged, a petitioner cannot rest on the lack of access alone.  Instead, to show a connection between the library conditions and inability to file, a prisoner "must go one step further and demonstrate that the alleged shortcomings in the library . . . hindered his efforts to pursue a legal claim."  *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (addressing law library access in the context of prisoners' civil rights action for alleged violation of constitutional right of access to courts).  Said otherwise, the petitioner must establish the requisite causal connection.

Upon reviewing the record, the Court agrees with Respondent that Petitioner fails to make any specific allegations or offer evidence about when he was denied access to the library, how that impacted his ability to prepare a habeas petition during the applicable period, or what actions he

took to exercise diligence during this time. Petitioner raises nothing more than ordinary limitations on library access for prisoners, which are not extraordinary circumstances under well-established Ninth Circuit law. *Ramirez*, 571 F.3d at 997; *see Lewis*, 518 U.S. at 351. Petitioner also fails to satisfy his burden of showing that he exercised diligence in accessing the library such that equitable tolling may be justified.

### 3. Lockdowns

Petitioner summarily asserts that throughout his custody "there were numerous ongoing lockdowns which prevented access to the library, telephones, computers, and manual typewriters." (Fox Decl. ¶ 12.) According to Petitioner, these lockdowns "caused [him] to not have the ability to work on [his] legal situation and to type writ(s), letters and make copies of actual writ papers." (*Id*.) Respondent argues that Petitioner's claims are insufficient because he fails to specify the dates of any alleged lockdowns at CCI. The Court agrees with Respondent that Petitioner has not established any extraordinary circumstance because he does not allege any specific times when a lockdown caused him to miss a deadline or denied him access to specific legal materials. *See, e.g., Paarman v. Spearman*, 2013 WL 8291760, at *2 (C.D. Cal. Nov. 4, 2013) (denying equitable tolling, in part, for failure to specify the dates of the alleged lockdowns); *Haggerty v. Diaz*, 2013 WL 4718171, at *6 (C.D. Cal. Aug. 30, 2013) (denying equitable tolling because petitioner failed to provide any evidence showing that the alleged lockdowns even occurred during the relevant time periods). Petitioner must also allege with specificity the reasons why such circumstances warrant equitable tolling, which he fails to do. At most, the record supports a conclusion that there were lockdowns at unspecified times and of unspecified lengths during the applicable period. This is plainly insufficient to entitle Petitioner to the extraordinary remedy of equitable tolling.

### 4. Communication Issues

Petitioner claims that the prison telephones were "often times" not working and his access thereto was even more limited by his job as lead dorm porter, making it difficult to call his children so they could send him copies of cases he was unable to copy in the law library. (Fox Decl. ¶¶ 16–20.) Petitioner also asserts that the mail was "often times" delayed for several weeks, causing severe delays in his ability to prepare his petition. (Fox Decl. ¶¶ 16–18.) Respondent

contends that the unreliable prison telephone system and Petitioner's inability to contact his children are ordinary limitations of prison life – not extraordinary circumstances preventing Petitioner from complying with the statute of limitations.

Prison restrictions on modes of communication with persons outside the prison do not constitute extraordinary circumstances. *See Ramirez*, 571 F.3d at 998 (ordinary prison limitations are not extraordinary). A prison work assignment is also not an extraordinary circumstance that entitles a prisoner to equitable tolling. *See Chavez v. California*, 2013 WL 5651523, at *2 (C.D. Cal. Oct. 11, 2013) (collecting cases). Further, Petitioner gives no details with respect to the times he was restricted from using the telephones or the mail or how those restrictions made it impossible for him to file his petition timely. *Id*. Without more, the Court "cannot arbitrarily pick a number of days or weeks to toll based on some generalized problem or difficulty a petitioner has encountered. Rather, equitable tolling depends on a specific showing by a petitioner that a particular problem prevented him from meeting the deadline for a particular amount of time." *Mejia v. Pliler*, 2001 WL 125307, at *3 (N.D. Cal. Feb. 13, 2001). Therefore, without more, the telephone and mail limitations alleged by Petitioner do not rise to the level of extraordinary circumstances which could entitle him to equitable tolling.

### 5.     Sex Offender Status

Finally, Petitioner asserts that his sex offender status caused "substantial delays" in the preparation of his writ. (Fox Decl. ¶¶ 21–23.) Petitioner claims there was always "an element of danger" if he were to openly work on his papers or speak on the phone about his writ because, if inmates knew about his sexual crimes, his physical safety would be at "very high risk." (Fox Decl. ¶ 21.) The Court agrees with Respondent that Petitioner's sex offender status is not an extraordinary circumstance beyond his control. *See, e.g.*, *Samperio v. Martel*, 2011 WL 847412, at *3 (E.D. Cal. Mar. 4, 2011) ("Petitioner's status as a convicted sex offender is not an extraordinary circumstance beyond his control . . . . [I]t is Petitioner's own actions, not some external circumstance, that caused him to have this status."). Moreover, even if Petitioner's sex offender status were to constitute an extraordinary circumstance, Petitioner fails to explain how his status caused him to file the first State Habeas petition more than eleven months after the AEDPA

9

1  statute of limitations expired.  Again, Petitioner fundamentally fails to establish a causal
2  connection between his sex offender status and the delay in filing.
3       In sum, Petitioner has not met his burden to submit evidence of circumstances sufficient to
4  justify equitably tolling the limitations period.  The petition must be dismissed as untimely.

### IV. CONCLUSION

For the foregoing reasons, the instant Federal Habeas petition is barred by AEDPA's one-year statute of limitations.  The Court **GRANTS** Respondent's motion to dismiss and **DISMISSES** the petition **WITH PREJUDICE**.  A certificate of appealability will not issue.  Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Petitioner may seek a certificate of appealability from the court of appeal.  The Clerk shall enter judgment in favor of Respondent and close the file.

**IT IS SO ORDERED.**

Dated: September 16, 2016

                                                                                                _____
                                                                                   **YVONNE GONZALEZ ROGERS**
                                                               **UNITED STATES DISTRICT COURT JUDGE**